IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DIEDRE LEANORA DURON,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 3:15-cv-00018 RRB<br><br>**<u>ORDER REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS</u>**<br><br>**Docket 10** |

## I. INTRODUCTION

Plaintiff, Diedre Leanora Duron, filed an application for Disability Insurance Benefits and Supplemental Security Income which Defendant, the Commissioner of Social Security, denied. Tr. 20, 145. Plaintiff has exhausted her administrative remedies and seeks relief from this Court, arguing that the Commissioner's decision that she is not disabled within the meaning of the Social Security Act is not supported by substantial evidence. Plaintiff seeks a remand for further administrative proceedings.

Plaintiff has filed an opening brief on the merits, construed by this Court as a motion for summary judgment. Defendant opposes, arguing the denial of benefits is supported by

substantial evidence and free of legal error. Plaintiff has replied. Docket nos. 10, 14 & 15. For the reasons set forth below, the Motion for Summary Judgment at **Docket 10** is **GRANTED** and this matter is **REMANDED** for further consideration.

## II. STANDARD OF REVIEW

The findings of the Administrative Law Judge ("ALJ") or Commissioner of Social Security regarding any fact shall be conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g)(2010). A decision to deny benefits will not be overturned unless it either is not supported by substantial evidence or is based upon legal error. *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citing *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990)). "Substantial evidence" has been defined by the United States Supreme Court as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Such evidence must be "more than a mere scintilla," but also "less than a preponderance." *Id. at* 401; *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). In making its determination, the Court considers the evidence in its entirety, weighing both the evidence that supports and that which detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). If the evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452-53 (9th Cir. 1984).

## III. DETERMINING DISABILITY

The Social Security Act (the "Act") provides for the payment of disability insurance benefits ("DIB") to people who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a) (2012). In addition, supplemental security income benefits ("SSI") may be available to individuals who are age 65 or over, blind or disabled, but who do not have insured status under the Act. 42 U.S.C. § 1381 (2012). Disability is defined in the Social Security Act as follows:

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A) (2012). The Act further provides:

> An individual shall be determined to be under a disability only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A) (2012).

The Commissioner has established a five-step process for determining disability. Plaintiff bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094,

1098 (9th Cir. 1999). The burden shifts to the Commissioner at step five. *Id.* The steps, and the ALJ's findings in this case, are as follows:

Step 1. Determine whether the claimant is involved in "substantial gainful activity. **The ALJ determined that Plaintiff has not engaged in substantial gainful activity since April 1, 2010, the alleged onset date. Tr. 22.**

Step 2. Determine whether the Plaintiff has a medically severe impairment or combination of impairments. A severe impairment significantly limits a Plaintiff's physical or mental ability to do basic work activities, and does not consider age, education, or work experience. The severe impairment or combination of impairments must satisfy the twelve-month duration requirement. **The ALJ determined that Plaintiff had the following severe impairments: migraine headaches, status post thoracic spine injury with myelopathy and autonomic symptoms, and obesity. Tr. 22.**

Step 3. Determine whether the impairment is the equivalent of a number of listed impairments listed in 20 C.F.R. pt. 404, subpt. P, App. 1 that are so severe as to preclude substantial gainful activity. If the impairment is the equivalent of one of the listed impairments and meets the duration requirement, the Plaintiff is conclusively presumed to be disabled. If not, the evaluation goes on to the fourth step. **According to the ALJ, the Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. Tr. 24.**

**Residual Functional Capacity**. Before proceeding to step four, a Plaintiff's residual functional capacity ("RFC") is assessed. This RFC assessment is used at both step four and step five.[1] **In evaluating his RFC, the ALJ concluded that Plaintiff had the RFC to perform sedentary work. Tr. 25.**

**Step 4.** Determine whether the impairment prevents the Plaintiff from performing work performed in the past. At this point the analysis considers the Plaintiff's residual functional capacity and past relevant work. If the Plaintiff can still do his or her past relevant work, the Plaintiff is deemed not to be disabled. Otherwise, the evaluation process moves to the fifth and final step. **The ALJ found that Plaintiff was capable of performing her past relevant work as an administrative assistant, and therefore was not disabled. Accordingly, the ALJ did not reach Step 5 of the analysis.**

Plaintiff bears the burden of proof at steps one through four. *Tackett*, 180 F.3d at 1098. The burden shifts to the Commissioner at step five. *Id.*

## IV. DISCUSSION

A.   **Issues on Appeal**

The Court finds no error in the ALJ's analysis and findings under Steps 1, 2 or 3, and Plaintiff does not contest the ALJ findings under these steps. However, Plaintiff complains

---

[1] 20 C.F.R. §§ 404.1520(a)(4)(2011); §416.920(a)(4) (2011).

that the ALJ's determination of the RFC was flawed, and requests a remand for a *de novo* hearing. Plaintiff makes three specific arguments.

**1. Treating Physician's Opinion**

Plaintiff argues the RFC determination was not supported by substantial evidence because the ALJ erred in weighing and evaluating the medical opinion of record. Docket 10 at 13-17. Specifically, she argues that the ALJ improperly gave "little weight" to the medical source statement completed by Dr. Kropp, who was the only treating or examining medical source to provide an opinion regarding her functional limitations. *Id.* at 14 (*citing* Tr. 26-27).

In January 2012 Dr. Kropp opined that Plaintiff could walk one block without rest or significant pain, could sit/stand/walk for 5 minutes at a time, and that she should only be expected to sit for one hour in an 8 hour workday and stand for 1 hour in the same 8 hour workday. Tr. 297. The most Plaintiff could lift was less than ten pounds, and only occasionally. Tr. 298. Dr. Kropp noted Plaintiff was going to the Mayo Clinic to see a specialist in autonomic dysreflexia, which he felt was progressing. Tr. 335. But the ALJ summarily dismissed Dr. Kropp's opinions, giving them "little weight as they are inconsistent with the evidentiary record as a whole, specifically the objective evidence which revealed that the Plaintiff had normal strength, reflexes, and sensations. . . . Dr. Kropp's opinions are also inconsistent with the imaging of the Plaintiff's spine, which, as noted above, has also been unremarkable." Tr. 27. Instead, the ALJ gave significant weight to the opinion of the State

agency's reviewing physician, Robert Vestal, MD, finding his opinion that Plaintiff could perform sedentary work to be consistent with the evidentiary record as a whole. Tr. 26.

Plaintiff argues that "despite the lack of a conflicting opinion from another treating or examining source, as well as the heightened standard for evaluating treating source opinions under the regulations, the ALJ failed to provide adequate reasons for rejecting this opinion." Docket 10 at 15. The ALJ's reasoning that Dr. Kropp's opinions were inconsistent with the evidentiary record as a whole "is vague and overbroad, and fails to account for Dr. Kropp's expertise in interpreting his own medical records and objective findings, and further fails to account for the treatment records which *do* document specific findings and abnormal reflexes." *Id*. (emphasis original). Plaintiff highlights significant points in the record which indicate objective findings and aggressive treatment, including surgical procedures, to treat her pain and symptoms. *See* Tr. 214, 224-28, 304, 308, 310-314, 317, 319-22, 325, 329, and 381-84. Finally, Plaintiff complains that the ALJ failed to evaluate the relevant factors in deciding the weight to accord an opinion, including length of treatment relationship, frequency of examination, other medical evidence, the physician's qualifications, etc. *See* 20 C.F.R. § 404.1527(c)(2). Plaintiff argues Dr. Kropp was in the best position to render an opinion regarding her functional capacity. Docket 10 at 16. Plaintiff requests a remand for a new RFC determination in light of Dr. Kropp's opinion, which should be given greater weight. Docket 10 at 17.

In response, the Commissioner argues that the ALJ's determination to give Dr. Kropp's opinion little weight was reasonable for the very same reasons that Plaintiff argues it was unreasonable – because Dr. Kropp's findings were inconsistent with the record, including strength testing and imaging. Docket 14 at 6. The Commissioner argues that the Plaintiff "asks this Court to draw unsupported medical conclusions and merely offers an alternate interpretation of the evidence." Docket 14 at 8.

The Court disagrees with the Commissioner. As Plaintiff explains, the ALJ's explanation that her complaints were "inconsistent with the imaging of her spine," is misplaced, as Plaintiff was not diagnosed with or treated for any degenerative spinal impairments or disc disease which would be revealed by imaging. Docket 10 at 16. Plaintiff argues, and the Court observes, that her chronic pain has been confirmed throughout the record. The Plaintiff does not ask this Court to draw unsupported medical conclusions. Rather, the Plaintiff asks this Court to remand this matter so that an ALJ can evaluate the medical record and give appropriate weight to a treating physician. Upon remand, the Commissioner is reminded of the guidance of SSR 96-5p, which requires that "if the evidence does not support a treating source's opinion . . . and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make 'every reasonable effort' to recontact the source for clarification of the reasons for the opinion." Before dismissing

Dr. Kropp's opinion, the ALJ should have contacted Dr. Kropp for clarification of the reasons for the opinions expressed in his medical source statement.

### 2. Plaintiff's Credibility

The ALJ questioned Plaintiff's credibility, finding that her reported improvement with treatment as well as activities were "not as limited as one would expect given her allegations of disabling symptoms." Tr. 26. By way of example the ALJ noted that in 2011 Plaintiff was attending law school and "loved her classes," and that the same year she reported improvement due to medications. She traveled to Hawaii in May 2012.

Plaintiff complains that the ALJ's credibility determination is unsupported by substantial evidence for several reasons. First, the ALJ's findings that there was a lack of objective medical evidence to support Plaintiff's assertions is simply incorrect; the ALJ looked to findings in the record which do not necessarily correlate to Plaintiff's condition. Second, a lack of objective evidence for Plaintiff's actual conditions is only one fact relevant to credibility, and the ALJ should have considered her testimony "in the context of all the evidence." Docket 10 at 18. Treatment notes and regular prescriptions for narcotic pain medication support her allegations of severe pain and symptoms. Third, the ALJ considered limited improvement, attempt to attend school, and a vacation as evidence that her pain was not as bad as she alleged. However, again, the ALJ failed to consider these activities in context. Her reduced pain was still significant, she testified that she was advised to discontinue

school due to her medical condition (Tr. 52-53), and on her Hawaiian vacation she used a wheelchair and sustained a fall and injury during the trip. Tr. 337. Plaintiff requests a remand for a proper credibility determination. Docket 10 at 19.

The Commissioner complains that Plaintiff's self-serving testimony that Dr. Kropp advised her to drop out of law school is unsupported by the record. Indeed, the Court notes that the ALJ left the record open to allow the submission of additional medical records. It is unclear if the record was ever supplemented. In light of the fact that this matter is being remanded for other reasons, this Court need not make a finding regarding the ALJ's credibility finding. The Court does, however, order that the record shall be supplemented to the extent possible upon remand, and that the ALJ shall make a new credibility finding following a new hearing.

### 3. Incomplete Hypothetical Posed to Vocational Expert

Plaintiff argues that the ALJ erred in relying on vocational testimony elicited in response to an incomplete hypothetical question. She argues that because the ALJ miscalculated the RFC, the vocational expert's testimony was invalid. Because this matter is being remanded for reconsideration of the RFC, the Court need not reach this argument.

### V. CONCLUSION

A decision of the Commissioner to deny benefits will not be overturned unless it either is not supported by substantial evidence or is based upon legal error. "Substantial evidence"

ORDER REMANDING FOR FURTHER PROCEEDINGS - 10
3:15-cv-00018-RRB

is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The Court has carefully reviewed the administrative record, including extensive medical records. The Court concludes, based upon the record as a whole, that the ALJ's decision denying disability benefits to Plaintiff WAS NOT supported by substantial evidence. As discussed herein, the ALJ did not adequately evaluate the medical source opinion of Dr. Kropp, Plaintiff's treating physician.

## VI. ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment at **Docket 10** is **GRANTED** and this matter is **REMANDED** for further proceedings consistent with this opinion.

**IT IS SO ORDERED** this 4th day of January, 2016.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE